PEOPLE v BENJAMIN

Docket No. 110368. Submitted November 8, 1989, at Detroit. Decided December 27, 1989. Leave to appeal denied, 435 Mich —.

Eldrick Benjamin pled guilty in the Recorder's Court of the City of Detroit, Terrance K. Boyle, J., of second-degree murder and possession of a firearm during the commission of a felony. On appeal, defendant claims that the Recorder's Court lacked jurisdiction since the crimes of which he was convicted occurred outside the City of Detroit, but in Wayne County. Defendant claims that only the Wayne Circuit Court had jurisdiction.

The Court of Appeals *held:*

By Administrative Order No. 1986-1, entered October 2, 1986, the Supreme Court ordered the consolidation of the criminal dockets of the Recorder's Court and the Wayne Circuit Court. Defendant's case, being a part of such consolidated docket, could have been heard either in the Recorder's Court or the Wayne Circuit Court. In the absence of a request that this case be assigned only to a judge of the Wayne Circuit Court, pursuant to Joint Local Court Rule 6.102(E), the Recorder's Court had jurisdiction to accept defendant's guilty pleas.

Affirmed.

COURTS — DETROIT RECORDER'S COURT — WAYNE CIRCUIT COURT — CONSOLIDATED CRIMINAL DOCKETS.

The criminal dockets of the Recorder's Court of the City of Detroit and the Wayne Circuit Court have been consolidated by order of the Supreme Court; cases arising within the City of Detroit or elsewhere within Wayne County may be heard by either a judge of the Recorder's Court or a judge of the Wayne Circuit Court (Administrative Order No. 1986-1; LCR 6.102).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prose-

REFERENCES

Am Jur 2d, Courts §§ 28, 30, 91, 111, 115; Criminal Law §§ 357, 358. See the Index to Annotations under Courts; Docket and Calendar of Court; Jurisdiction.

cuting Attorney, *Timothy A. Baughman,* Chief of Research, Training and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Susan J. Smith*), for defendant on appeal.

Before: GILLIS, P.J., and MICHAEL J. KELLY and R. B. BURNS,* JJ.

PER CURIAM. Defendant pled guilty in Detroit Recorder's Court to second-degree murder, MCL 750.317; MSA 28.549, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to sixteen to thirty years plus a consecutive two-year term.

On appeal, defendant argues that the Detroit Recorder's Court lacked jurisdiction over his crimes, which occurred in Wayne County but outside the City of Detroit. Defendant claims that only the Wayne Circuit Court (Third Judicial Circuit) had jurisdiction over his crimes, and that his convictions therefore must be vacated because the Recorder's Court lacks jurisdiction to accept his plea. We find this argument meritless.

On October 2, 1986, our Supreme Court entered Administrative Order No. 1986-1, which provided in pertinent part:

> On order of the Court, the Court having approved a joint local court rule and a joint local administrative order consolidating the criminal dockets of the Third Judicial Circuit and the Recorder's Court of the City of Detroit,
> IT IS ORDERED pursuant to Const 1963, art 6, §§ 1,

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

4, 5, and 23, that, effective October 13, 1986, *all judges of the Third Judicial Circuit be temporarily assigned as visiting judges of the Recorder's Court of the City of Detroit and that all judges of the Recorder's Court of the City of Detroit be temporarily assigned as visiting judges of the Third Judicial Circuit.*

Further, acknowledging MCR 8.110(G)(3) and MCL 600.564(4); MSA 27A.564(4), IT IS ORDERED that the *visiting judges temporarily assigned pursuant to this administrative order shall exercise the powers of the court to which they are assigned,* provided, however, that they shall exercise those powers only in cases assigned to them pursuant to the joint local administrative order and joint local court rules consolidating the criminal dockets of the Third Judicial Circuit and the Recorder's Court of the City of Detroit. [426 Mich lxviii, emphasis added.]

This assignment was permitted under MCL 600.225(1)(a) and (c); MSA 27A.225(1)(a) and (c). See also *People v Browning (On Rehearing),* 108 Mich App 281, 303-304; 310 NW2d 365 (1981).

Defendant's case was part of the consolidated criminal docket of the Third Judicial Circuit and Detroit Recorder's Court. As such, it could then be heard by a judge of either the Third Judicial Circuit or Detroit Recorder's Court pursuant to Administrative Order No. 1986-1. 426 Mich lxviii. Either court had jurisdiction to accept defendant's plea. Had defendant wanted to present his case before a judge of the Third Judicial Circuit, he could have done so under the procedure provided under Joint Local Court Rule 6.102(E). However, defendant failed to do this. The Recorder's Court therefore had jurisdiction to accept defendant's guilty plea.

Affirmed.